UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2022 DEC 13 PM 3:57

CLERK

BY _____
DEPUTY CLERK

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) Crim. No. 5:22-cr-146-1 |
| | ) |
| ANDREW HOLLINS, | ) (18 U.S.C. §§ 1343, 1956, |
| A/K/A ANDREW JONES | ) 1028A) |
| Defendant. | ) |

## INDICTMENT

The grand jury charges:

1. The Economic Injury Disaster Loan (EIDL) Program is a long-standing loan program authorized by Congress to provide low-interest loans for persons and businesses who have suffered financial hardship because of a natural disaster. The loan program is administered by the United States Small Business Administration (SBA). The Coronavirus pandemic that began in early 2020 was a disaster for which the SBA received loan applications and approved and disbursed loan proceeds.

### The Scheme To Defraud

2. At all times material to this indictment, the defendant ANDREW HOLLINS held himself out to be Andrew Jones. HOLLINS opened bank accounts in Vermont in the name of Andrew Jones and also founded two businesses, A.J. Motor Cars, LLC and The Krusty Krab Shack, LLC. HOLLINS opened bank accounts in

1

Vermont for both of those businesses. He identified Andrew Jones as the sole owner/member/manager of each business.

2. Beginning no later than July 2020, HOLLINS devised a scheme to defraud the SBA of hundreds of thousands of dollars by submitting EIDL loan applications that contained materially false statements and representations. HOLLINS submitted loan applications in the name of Andrew Jones as sole proprietor of a business, and in the names of A.J. Motor Cars and The Krusty Krab Shack. Among other things, these applications contained false declarations about when the businesses were established, about the gross receipts the businesses generated in the preceding 12-month period, the Cost Of Goods Sold, the number of persons the businesses employed and the physical location of the businesses.

3. As part of the scheme, HOLLINS submitted fraudulent EIDL loan applications in the names of three real persons whose identities HOLLINS had misappropriated. These applications contained materially false information about the nature of the businesses these individuals supposedly owned and when the businesses were established. They also contained false declarations about the gross receipts the businesses generated in the preceding 12-month period, and about the Cost Of Goods Sold. The applications contained false assertions about the

number of persons the businesses employed and the physical location of the businesses.

4. As part of the scheme, HOLLINS submitted fraudulent EIDL loan applications in the names of two grandparents of HOLLINS' partner. These applications contained materially false information about the nature of the businesses these individuals supposedly owned and when the businesses were established. They also contained false declarations about the gross receipts the businesses generated in the preceding 12-month period, the Cost Of Goods Sold, the number of persons the businesses employed and the physical location of the businesses.

5. Some of the EIDL loans HOLLINS applied for were approved and funded by the SBA. Other applications were rejected.

6. One fraudulent loan that HOLLINS applied for resulted in the deposit of $23,000 in loan proceeds into a bank account controlled by HOLLINS. HOLLINS laundered, and attempted to launder, the proceeds of this fraud by purchasing blank money orders at Shaw's Supermarkets in Vermont. He made some of these money orders payable to third-parties, who cashed the money orders and returned the cash to HOLLINS in exchange for drugs or money.

7. In the course of and in furtherance of this fraud, HOLLINS used the interstate wire communication system to

electronically submit the fraudulent loan applications to the SBA.

**COUNTS 1-8**

8. The grand jury repeats and realleges paragraphs 1-7 of this indictment.

9. On or about the dates listed below, in the District of Vermont and elsewhere, the defendant ANDREW HOLLINS, having devised the scheme and artifice to defraud the Small Business Administration, and for obtaining money from the SBA by means of materially false and fraudulent pretenses, representations and promises, transmitted and caused to be transmitted in interstate commerce certain writings, signs and signals for the purpose of executing such scheme and artifice, to wit, fraudulent EIDL loan applications.

| **COUNT** | **APPROXIMATE DATE** | **APPLICATION NUMBER** |
| --- | --- | --- |
| Count 1 | July 7, 2020 | 3309282045 |
| Count 2 | July 16, 2020 | 3311000025 |
| Count 3 | August 19, 2020 | 3313776151 |
| Count 4 | July 21, 2020 | 3311463532 |
| Count 5 | July 24, 2020 | 3311768587 |
| Count 6 | July 27, 2020 | 3311982136 |
| Count 7 | July 28, 2020 | 3312053030 |
| Count 8 | July 28, 2020 | 3312131008 |

(18 U.S.C. § 1343)

## COUNTS 9-10

10. The grand jury repeats and realleges paragraphs 1-7 of this indictment.

11. On or about the dates listed below, in the District of Vermont, the defendant ANDREW HOLLINS, knowing that property involved in a financial transaction represented the proceeds of some form of unlawful activity, conducted a financial transaction which in fact involved the proceeds of specified unlawful activity, knowing that the transaction was designed in whole or in part to conceal or disguise the nature, location, source, ownership or control of the proceeds of specified unlawful activity:

Count 9   August 6, 2020 purchase of $2405 in money orders using proceeds of wire fraud as charged in Count 6

Count 10   August 10, 2020 purchase of $2405 in money orders using proceeds of wire fraud as charged in Count 6.

(18 U.S.C. § 1956(a)(1)(B)(i))

## COUNTS 11-13

12. The grand jury repeats and realleges paragraphs 1-7 of this indictment.

13. On or about the dates listed below, in the District of Vermont, during and in relation to a felony violation enumerated in chapter 63 of Title 18 of the United States Code, to wit, wire fraud as charged in Counts 4-6 respectively, knowingly possessed and used means of identification of other persons, namely, names and social security numbers:

| | | |
|---|---|---|
| Count 11 | July 21, 2020 | Means Of Identification Of "M.P." |
| Count 12 | July 24, 2020 | Means Of Identification Of "C.S." |
| Count 13 | July 27, 2020 | Means Of Identification Of "D.B." |

(18 U.S.C. § 1028A(a)(1))

A TRUE BILL

REDACTED

FOREPERSON

_Nikolas P. Kerest_
NIKOLAS P. KEREST (GLW)
United States Attorney
Burlington, Vermont
December 13, 2022

7